## CITY OF ROME *v.* ROME HOTEL COMPANY.

Under section 8 of the act approved August 22, 1907 (Acts 1907, p. 897), amendatory of the several acts incorporating the City of Rome, before that municipality and the board of public works shall proceed with the construction and improvement of the streets pursuant to the plan outlined and authorized by the act, damages accruing to abutting property owners must be assessed and paid from the funds in the hands of the board of public works.

Argued February 5,—Decided March 10, 1909.

Injunction. Before Judge Wright. Floyd superior court. January 25, 1909.

*W. J. Nunnally,* for plaintiff in error.

*John W. & G. E. Maddox,* contra.

EVANS, P. J.   The Rome Hotel Company, a corporation, sought to enjoin the City of Rome and the board of public works of that city from further continuing the work of changing the grade of the street abutting the plaintiff's property.   The ground for the remedy of injunction is that the projected street improvement will endamage the plaintiff's property, and that the defendants are proceeding under the act of the General Assembly, approved August 22, 1907 (Acts 1907, p. 897), without first complying with the conditions precedent to undertaking the work, as specified in section eight of that act.   The defendants by their answer averred that they were authorized under an ordinance adopted July 10, 1893, independently of the act of 1907, to do the work; and that, besides, they had complied with the requirements of the latter act. The court granted the injunction, and the defendants excepted.

In *Fleming* v. *Rome,* 130 *Ga.* 383 (61 S. E. 5), it was decided that the City of Rome, under the act approved September 25, 1883 (Acts 1882-3, p. 428), had the power to grade and pave its streets; and that where it appeared that the city on its own initiative undertook to bring a gap in one of its thoroughfares up to an established grade, and was not proceeding under the act of 1907, a court of equity would not enjoin the contemplated improvement until payment or tender of consequential damages to an abutting-land owner.   The facts of that case are wholly dissimilar from the case at bar; for here the defendants' admission in their pleadings makes it clear that the street improvement sought to be enjoined is being prosecuted under the authority of the act of 1907.

The plaintiff in the court below made the point that section eight of the act of 1907 prescribes certain preliminary action by the mayor and council, and the board of public works, before the board of public works can lawfully proceed.   Section eight is as follows: "Said board shall cause a survey to be made of the streets, sewerage, and waterworks system, and shall have plans, specifications, and estimates of the cost of improvements contemplated, to be prepared and submitted to the mayor and council.   The board shall designate the streets to be improved, locate the grades and widths thereof, the size and locations of the sewers, and the mains for the water system, which being done, the mayor and council, first

having approved such action, shall confirm the same and establish and fix the grades and settle all questions of damage to property owners on account thereof, and report the same to the board; thereupon the board shall pay such damages as may be assessed and so found from the funds in their hands provided for the improvement of the particular department for which such damages may be fixed or assessed. The location of the street grades and the sewer and water mains being thus determined and settled, said board shall proceed to the construction and improvement thereof as hereinafter provided." On the hearing exemplifications from the minutes of the mayor and council were read by the plaintiff, for the purpose of showing that there had been a failure to conform to the demands of this section as to the designation of streets, the report of the board of public works, and the adoption and confirmation of their report by the mayor and council. We will not stop to consider whether the requirements of section eight of the act in these respects have been met; because it is conceded that there has been no attempt on the part of the City of Rome or the board of public works to assess and settle with the plaintiff the damages which it claims will result to its property from raising the street grade in front of it. We think it clear that, before the board of public works can grade and pave the streets of that city under the general plan or system provided for by the act of 1907, all questions of damage to property owners must be settled; and the board of public works must "pay such damages as may be assessed and so found from the funds in their hands provided for the improvement of the particular department for which such damages may be fixed or assessed," before they can proceed with the projected improvement. We think this is the meaning of section eight; the obvious import of its words even when considered in isolation from the balance of the act. The general design of the act as revealed in all its provisions excludes any other construction. The legislative scheme is manifest, viz.: to create a board of public works, to whom a bond issue is to be delivered, and from the proceeds of which the funds are to be derived to defray the cost of the municipal improvements undertaken by them as authorized in the act. The bonds are to be turned over to the board of public works, and are specifically divided into three amounts separately appropriated to sewer, water, and street improvements. Each particular im-

provement is contemplated to be within its appropriation. Such being the legislative plan, it is easy to see that to intelligently execute it the entire cost of the improvement should be estimated in advance of the work, and damages to abutting property owners settled and paid before beginning work upon it.

There was evidence authorizing the court to find that the plaintiff's property would be damaged by the change in the grade of the street; and the judge did not abuse his discretion in enjoining the defendants from further continuing the work of changing the grade of the street until the damage could be assessed and settled.

*Judgment affirmed. All the Justices concur.*